NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :      Chapter 13

In re:                                     :

                                            :      Case No. 23-35263 (CGM)

     Everette Weaver,              :

                           Debtor.         :

                                            :
------------------------------------------------------------X

## MEMORANDUM DECISION DENYING DEBTOR'S REQUEST FOR A REFERRAL TO KINGS COUNTY

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

### Background

Debtor filed this chapter 13 case on April 5, 2023. The case was filed as a barebones petition and is set for automatic dismissal for May 23, 2023. The Debtor lists his home address as 827 Route 82 Hopewell, NY, which is a UPS Store.

By this motion, Debtor asks this Court to refer a case to the Kings County District Attorney for a criminal investigation and to the Kings County Surrogate Court for adjudication. This litigation between the Debtor and various secured creditors has been ongoing for over a decade. Having been previously ruled against, denied access to, and prohibited from filing in other courts, Debtor has now come here to seek his relief.

### Discussion

Debtor moves under 18 U.S.C. § 4. That section of the criminal code states: "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United

States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both." 18 U.S.C. § 4.  He argues that "[t]his Court has a duty and responsibility to review the facts and evidence presented, make a determination whether a crime and conspiracy exits, submit proposed findings of fact and conclusions of law to the Kings County District attorney for an investigation as required by title 18 U.S.C. § 4, and to the Kings County Surrogate's Court for adjudication."

Debtor's reliance on 18 U.S.C. § 4 is misplaced.  Section 4 of title 18 of the United States Code "defines a criminal offense and does not provide civil complainants with a private right of action." *See Dugar v. Coughlin*, 613 F.Supp. 849, 852 n. 1 (S.D.N.Y.1985); *Pankey v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993).

Additionally, "is improper for [Debtor] to try and turn the court into his pawn merely because his scheme of wrongful conduct includes allegations of alleged crimes to deter, delay . . . . [Debtor] can contact the U.S. Attorneys' Office and provide whatever information he believes proper, and be subject to all of the certifications, warranties, and conditions that go with such complaints." *In re Sinclair*, No. 14-91565-E-7, 2017 WL 1684120, at *21 (Bankr. E.D. Cal. May 2, 2017).

Bankruptcy courts do not have the power to investigate crimes.  28 U.S.C. § 1334. The bankruptcy court is a court of limited jurisdiction. *See Bd. of Governors v. MCorp Fin., Inc.*, 502 U.S. 32, 40 (1991). Bankruptcy courts fall outside of the constitutional authority of Article III and derive their authority from federal statutes. *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 60–87 (1982) (plurality opinion); *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995) (asserting that the jurisdiction of a bankruptcy court is "grounded in, and limited by,

statute."). Two statutes, 28 U.S.C. §§ 157(a) and 1334, allow district courts to refer proceedings arising in, arising under, or related to a bankruptcy case, to bankruptcy courts. Although generally bankruptcy courts have jurisdiction to hear a wide array of matters, the exercise of bankruptcy court jurisdiction to enter any final order or judgment is limited to (1) "cases under title 11;" (2) "core" bankruptcy proceedings that either "arise under" the Bankruptcy Code or "arise in" a case under the Code; or (3) cases in which all interested parties consent to the bankruptcy court entering a final order in a matter that is "related to" a case under the Bankruptcy Code. *In re Inglewood Woman's Club, Inc.*, No. 4:15-BK-15376-SHG, 2017 WL 2492530, at *4 (9th Cir B.A.P. June 7, 2017), aff'd, 708 F. App'x 392 (9th Cir. 2017).

The Bankruptcy Court has jurisdiction over bankruptcy issues falling under title 11 and other **civil** proceedings. This Court cannot hear a criminal proceeding under title 18. While bankruptcy courts are free to make criminal referrals when they have "reasonable grounds for believing" that a **bankruptcy** crime has occurred, 18 U.S.C. § 3057, "the statute does not confer standing on litigants to request such a referral from the court." *In re Baroni*, 643 B.R. 253, 273 (Bankr. C.D. Cal. 2022).

Here the Debtor is not alleging that a bankruptcy crime took place. He is alleging that on September 21, 2008, he was beaten and caused to be wrongfully arrested by three men who converted his real property. He alleges that a conspiracy then took place against him, by state employees and the attorneys for Citimortgage, to deprive him of his due process rights.

Even if this Court had the power to rule on such a motion, doing so would be improper as the Kings County Court has already denied this motion. *Citimortgage v. Weaver*, 18430-09, (N.Y. Sup. Ct. Apr. 12, 2019) (Kings County). "The *Rooker–Feldman* doctrine bars lower

federal courts from undertaking appellate review of state court decisions." *In re Infinity Bus. Grp., Inc.*, 497 B.R. 495, 498–99 (Bankr. D.S.C. 2013).

## Conclusion

For the foregoing reasons, Debtor's motion is denied. The Secured Creditor shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders).



**Dated: May 16, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**